CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

SEP 28 2007

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| MARCUS D. YOUNG, | ) | |
|     Petitioner, | ) | Civil Action No. 7:07-cv-00426 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | By: Glen E. Conrad |
|     Respondent. | ) | United States District Judge |

Plaintiff, a Virginia inmate proceeding pro se, filed this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. After reviewing the complaint, the court was of the opinion that even though the plaintiff has styled the action as a civil rights complaint, the claims would be more appropriately filed as a petition for a writ of habeas corpus.[1] By order entered September 7, 2007, the court conditionally filed the complaint and directed petitioner to apply to proceed in forma pauperis, pay the $5.00 filing fee, or execute the then-enclosed consent to withholding of fees from his inmate account.[2] Petitioner was further advised that from the face of his petition it appeared that he may not have exhausted his state court or administrative remedies as to the claims raised therein, as required pursuant to 28 U.S.C. § 2254(b). The court allowed petitioner an opportunity to demonstrate that he has satisfied this requirement, and directed him to submit to the

---

[1] A district court is not constrained by a petitioner's style of pleading or request for relief. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981), cert. denied, 455 U.S. 911 (1982). To determine whether an action is properly considered a civil rights complaint or a habeas corpus petition requiring exhaustion of state remedies, a court must consider whether the "core" of the petitioner's claim concerns the fact or duration of his confinement and whether a claim of damages is ancillary to and dependent on a favorable resolution of the length of his confinement. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). If the core of the complaint does concern the fact or length of confinement, then the proceeding is in habeas. Id.

    Here, the core of petitioner's complaint concerns the fact of his confinement; accordingly, the cause of action is in habeas. Id.. Petitioner seeks his release from the Marion Correctional Treatment Center ("Marion"), a facility in the Virginia Department of Corrections ("VDOC"). He claims that he was released from the VDOC "almost a year ago," but that he is still being detained at Marion.

[2] Petitioner has complied with this request.

court within twenty (20) days from entry of this order the following information:

   (a)   whether he filed any habeas petition in the Supreme Court of Virginia, the claims therein raised, and the date and grounds upon which such petition was dismissed;
   (b)   any additional argument or evidence petitioner desires to present concerning exhaustion of state court remedies of his § 2254 petition under § 2244(d).

Petitioner was warned that failure to comply with the conditions set forth above could result in dismissal of the petition without prejudice for failure to comply with a court order. See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (dismissing pro se prisoner litigant's case pursuant to Fed. R. Civ. P. 41(b) because he "failed to respond to a specific directive from the court").

For the reasons explained below, the court will dismiss petitioner's habeas action without prejudice, pursuant to Rule 4 of the Rules Governing §2254 Cases. A petition may be dismissed under Rule 4 if it is clear from the petition that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which petitioner was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. § 8.01-654. A non-death row felon in Virginia can exhaust state remedies in one of three ways, depending on the nature of the claims one is raising. First, one can file a direct appeal to the Virginia Court of Appeals, see Va. Code § 17.1-406(A), with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, one can attack one's conviction collaterally by filing a state habeas petition with the circuit court where one was convicted, with an appeal of an adverse decision to the Supreme Court of

2

Virginia. See Va. Code § 8.01-654(A); § 17.1-406(B). Finally, one can exhaust one's remedies by filing a state habeas petition directly with the Supreme Court of Virginia. See Va. Code § 8.01-654(A). Whichever route one chooses to follow, it is clear that one ultimately must present one's claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. See Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994)(denying certain claims on exhaustion principles where claims were not raised on direct appeal to state's highest court).

In this case, the petition offers no indication whatsoever that the claims have been presented to the Supreme Court of Virginia. Moreover, petitioner has not responded to the opportunity given to him by the court to demonstrate that his claims have been presented to the Supreme Court of Virginia. The burden of proving that a claim has been exhausted lies with the petitioner. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). Petitioner's failure to exhaust state remedies mandates summary dismissal of the petition by this court,[3] pursuant to Rule 4.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 28th day of September, 2007.

_____
United States District Judge

---

[3] Petitioner may still pursue federal habeas claims if petitioner is unsuccessful in obtaining relief after presenting such claims to the Supreme Court of Virginia through one of the three routes described. Petitioner is advised, however, that the time to file state or federal habeas petitions is now limited by statute. See 28 U.S.C. §2244(d); Virginia Code §8.01-654(A)(2).

3